IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FLORENCE TOLLGATE CONDOMINIUM ASSOCIATION, INC.,** Plaintiff, <br><br> v. <br><br> **PHILADELPHIA INDEMNITY INSURANCE COMPANY,** Defendant. | **CASE NO.** 1:25-cv-05106 |

## NOTICE OF REMOVAL

**TO:** THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Defendant, Philadelphia Indemnity Insurance Company, by and through its undersigned counsel, Horst Krekstein & Runyon LLC, hereby files this Notice of Removal of the above-captioned matter from the Superior Court of New Jersey, Burlington County, New Jersey to the United States District Court for the District of New Jersey, and in support thereof, avers as follows:

**I.    BACKGROUND**

1. This is an insurance dispute.

2. This lawsuit relates to an insurance claim presented by Plaintiff, Florence Tollgate Condominium Association, Inc., for damage to the property located at Building 20 of the condominium property located at Florence Tollgate Place, Florence, New Jersey 08518 (the "Property") under policy number PHPK2073861 (the "Policy"), issued by Philadelphia Indemnity Insurance Company ("PIIC").

3. On April 11, 2025, Plaintiff commenced this litigation by filing a Complaint in the Superior Court of New Jersey Law Division Burlington County, which was docketed as BUR-L-000832-25. A true and correct copy of Plaintiff's Complaint as served on Defendant is attached hereto as Exhibit "A."

4. The Commissioner of the New Jersey Department of Banking and Insurance accepted original service of process on behalf of PIIC on April 23, 2025. A true and correct copy of the letter of service from the Commissioner is attached hereto as Exhibit "B."

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

5. The United States District Courts hold jurisdiction over, *inter alia,* all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and which are between citizens of different states, 28 U.S.C. § 1332(a)(1).

6. Any civil action brought in a state court over which the District Courts of the United States have original jurisdiction may be removed by the defendant to the District Court for the United States for the district and division embracing the place where such action is pending. *See* 28 U.S.C. § 1441(a).

7. PIIC seeks to exercise its rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the Superior Court of New Jersey, Burlington County, in which said action is now pending, to the United States District Court for the District of New Jersey, which embraces Burlington County, New Jersey.

### A. There is Complete Diversity of Citizenship Between Plaintiffs and Defendant.

8. For purposes of establishing diversity jurisdiction, the citizenship of a corporation is determined by the state of incorporation and the state where the corporation's principal place of business is located. *See* 28 U.S.C. § 1332(c)(1).

9. At the time the Complaint was filed and continuing to the present, Plaintiff has been a nonprofit organization that exists by virtue of the New Jersey Condominium Act, N.J.S.A. 46:8B-1, et seq. and is governed by, among other documents, a Master Deed and By-Laws, Amendments and Resolutions thereto. *See* Exhibit "A," ¶ 1.

10. At the time the Complaint was filed and continuing to the present, Plaintiff is operating as a non-profit corporation, and upon information and belief Plaintiff was first incorporated in the State of New Jersey on or about November 28, 1973.

11. Plaintiff's principal place of business is located at 50-1 Florence Tollgate Place, Florence, County of Burlington, New Jersey 08518. *See* Exhibit "A," ¶ 3.

12. Pursuant to 28 U.S.C. § 1332(c)(1), Plaintiff is a citizen of New Jersey.

13. At the time the Complaint was filed and continuing to the present, PIIC has been an insurance company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004.

14. Pursuant to 28 U.S.C. § 1332(c)(1), PIIC is a citizen of Pennsylvania.

15. Plaintiffs and Defendant are citizens of different states.

16. Pursuant to 28 U.S.C. § 1332(a)(1), there is complete diversity of citizenship.

**B.     The Amount in Controversy Exceeds $75,000.**

17. Under 28 U.S.C. § 1332(a), diversity jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interests and costs." This requirement is met here.

18. As part of the underlying claim which involved damages due to fire at one of the condominium buildings, Plaintiffs hired an engineering firm, Kipcon, Inc., to make an engineering assessment, to provide a report its finding related to the status of the remediation work, and to outline work needing to be done. Kipcon, Inc. submitted an estimate of damages for the Property totaling $1,439,748.89. A true and correct copy of Kipcon, Inc.'s estimate is attached hereto as Exhibit "C."

19. Plaintiff is demanding judgment for payment to completely restore their damaged building as estimated by Kipcon, Inc., plus their costs incurred in retaining Kipcon, Inc., plus consequential, incidental, and an unspecified amount of punitive damages.

20. Based on Kipcon's estimate of $1,439,748.89 and the amount already paid by PIIC ($587,588.22 as Actual Cash Value, $68,409.30 as one-third of the Depreciation Holdback as per agreement with Plaintiff, $32,330.04 in Business Income, and $65,363.18 in Code fees for a total of $753,690.74) , PIIC reasonably believes that the amount in controversy, based on the alleged value of claim asserted by Plaintiff, meets or exceeds the sum of $686,000. *See also* Declaration of Karen Grocott date May 20, 2025, attached as Exhibit "D."

21. Therefore, while PIIC does not concede that Plaintiff is entitled to any relief, the amount in controversy exceeds the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1332(a).

**C.     This Notice of Removal Satisfies All Procedural Requirements.**

22. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is being filed within thirty (30) days after receipt of Plaintiff's Complaint.

23. Pursuant to 28 U.S.C. § 1446(a), copies of all other pleadings, filings and orders served on or by Defendants in the above-captioned litigation are attached hereto.

24. Written notice of the filing of this Notice of Removal will be sent forthwith to Plaintiff's counsel, Hyland Levin Shapiro LLP.

25. A true and correct copy of this Notice of Removal will be filed with the Clerk's Office for The Superior Court of New Jersey, Burlington County.

26. The undersigned represents PIIC in this action, who consents to this removal. There are no other defendants whose consent must be obtained relative to the same.

**WHEREFORE,** for the reasons set forth above, Defendant, PIIC, hereby removes this action from the Superior Court of New Jersey, Burlington County, to the United States District Court for the District of New Jersey.

                                            **HORST KREKSTEIN & RUNYON LLC**

Dated: 5/22/25                    By:    */s/ Robert M. Runyon III*
                                                  ROBERT M. RUNYON III, ESQUIRE
                                                  NJ ID.
                                                  610 W. GERMANTOWN PIKE, SUITE 350
                                                  PLYMOUTH MEETING, PA 19462
                                                  484-243-6878
                                                  rrunyon@hkr.law

                                                  ATTORNEYS FOR DEFENDANT,
                                                  PHILADELPHIA INDEMNITY INSURANCE
                                                  COMPANY